IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOROTHY GWINN            :
                         :
     v.                  :   Civil No. CCB-02-342
                         :
FOOD LION, LLC           :
                         :
                         :

**MEMORANDUM**

Now pending is a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) brought by defendant Food Lion, LLC ("Food Lion"). This matter has been fully briefed and no hearing is necessary. See Local Rule 105.6. For the reasons that follow, the Court will grant the defendant's motion to dismiss on the ground that plaintiff has failed to plead a claim upon which relief may be granted.

Dorothy Gwinn was an employee of Food Lion at its Mt. Airy, Maryland location from January 2000 until her termination on May 25, 2001. According to plaintiff, "[o]n or about March 15, 2001, [she] was arrested for Driving While Intoxicated ('DWI'). Gwinn was not convicted for the DWI, but was placed on Probation Before Judgment. ('PBJ')." (Compl. at ¶ 6.) Plaintiff also alleges that on May 18, 2001, she had an argument with the store manager. (Id. at ¶ 8.) After the argument, plaintiff was reassigned. (Id. at 9.) On May 22, 2001, "days before the court date for the DWI," Food Lion suspended plaintiff. (Id. at ¶ 10.) This

suspension allegedly occurred for violation of "rule 24." (Id.)[1] On May 25, 2001, plaintiff was allegedly terminated due to her "conviction" for DWI. (Id. at ¶ 11,12.) Gwinn finally alleges that she has failed to find comparable employment since her firing. (Id. at ¶ 13,14.) Plaintiff did not allege that defendant's conduct was wrongful, nor did she cite to any legal basis upon which she might recover in this case.

The Fourth Circuit recently summarized the principles governing the resolution of Rule 12(b)(6) motions:

> The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; "importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992). Accordingly, a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. See id. ... We do note, however, that for purposes of Rule 12(b)(6), we are not required to accept as true the legal conclusions set forth in a plaintiff's complaint. See District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083,1085 (4th Cir.1979).

Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir.1999).

Looking to the facts as alleged, and drawing all reasonable

---

[1] In plaintiff's opposition to the defendant's motion she explains "rule 24" refers to rule 24 of the Food Lion employee handbook.

inferences from them, this court is unable to make out a viable claim for relief.  Gwinn claims only that she was arrested for a DWI violation, had an argument with her supervisor, received a PBJ, and was fired.  In plaintiff's opposition, she explains that "rule 24" states that Food Lion employees may be subject to dismissal upon conviction of a criminal offense.  (Def.'s Opp. at 2.)  Gwinn thus argues that her termination was unlawful because she received a PBJ, which is not the equivalent of a conviction under Maryland criminal law.  See MD. CODE ANN. Crim. Proc., § 6-220(g)(3).  Assuming this is true, it is not sufficient to state a claim.

In Maryland, in the absence of a contract for employment of a definite term, an employee is considered an at-will employee.  "[A]t-will employment is a contract of indefinite duration that can be terminated at the pleasure of either party at any time." Hrehorovich v. Harbor Hospital Center, Inc., 614 A.2d 1021, 1030 (Md.App. 1992).  While an at-will employee "may maintain an action for breach of an implied employment contract if existing general personnel policies or procedures limit the employer's discretion to terminate an employee," Id. at 1031 (citing Haselrig v. Public Storage, Inc., 585 A.2d 294, 298 (Md.App. 1991)), Gwinn has not alleged facts that would suggest the existence of either an implicit or explicit employment contract limiting Food Lion's right to terminate her employment.

-3-

Accordingly, the distinction between a conviction and a PBJ is not material because plaintiff was presumptively an employee-at-will and Food Lion could have fired her at any time without cause.[2]

In conclusion, because plaintiff has failed to allege facts adequate to sustain any cognizable claim, defendant's motion to dismiss will be granted.

A separate Order follows.

_4/01/02_
Date

_[signature]_
Catherine C. Blake
United States District Judge

---

[2] Gwinn explicitly states that she is not bringing a claim for "wrongful termination" on any ground.